# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIAO ZHIFEI, | : Civil No. 3:17-cv-2129 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| PHYLLIS J. POWERS, | : |
| Defendant | : |

## MEMORANDUM

Liao Zhifei ("plaintiff"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant federal civil rights action on November 20, 2017. (Doc. 1). Named as the sole defendant is attorney Phyllis J. Powers. (*Id.*). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a). The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)

## II. Allegations of the Complaint

Plaintiff alleges that he retained attorney Phyllis J. Powers to file and pursue a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"). (Doc. 1, p. 2). Plaintiff alleges that attorney Powers also "insisted on filing" an appeal to the Board of Immigration Appeals ("BIA"). (*Id.* at p. 3). Plaintiff claims that he did

---

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

2

not want attorney Powers to file an appeal to the BIA, and thus requests a refund of his retainer fee. (*Id.*). He also seeks declaratory and injunctive relief, as well as monetary damages. (*Id.*).

## III. <u>Discussion</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). It is clear that the instant complaint fails to state a claim for relief. Defendant

Powers is a private individual and thus she is not a state actor for purposes of 42 U.S.C. § 1983 liability. Moreover, plaintiff fails to allege the violation of any constitutional right. Accordingly, the complaint will be dismissed.

IV. **Leave to Amend**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2). Based upon the nature of the allegations, it is clear that affording plaintiff leave to amend to set forth a constitutional violation would be futile.

V. **Conclusion**

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Order follows.

Date: November 22, 2017

Robert D. Mariani
United States District Judge